FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 JUL 26 PM 3:49

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVE DAHLGREN, DAHLGREN'S, INC., THEODORE COLLIN, LLOYD ERICKSON, ERICKSON LAND AND CATTLE, DIXON GRANSTRA d/b/a GRANSTRA CATTLE, DG FARMS, INC., SKANE, INC., CLARK NELSON, WELLS AG ENTERPRISES, INC., DON SJOGREN, BJW FARMS, INC., EWW FARMS, INC., and DUANE KUDLACEK,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST NATIONAL BANK OF HOLDREGE,<br><br>Defendant. | CASE NO. 8:05-CV-15<br><br>ORDER GRANTING THE JOINT MOTION AND STIPULATION FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION TO BE SUBPOENAED FROM SECURITY STATE BANK, SHELDON, IOWA |

This matter is before the Court on the Joint Motion and Stipulation for the Protection and Exchange of Confidential Information to be Subpoenaed from Security State Bank, Sheldon, Iowa (the "Stipulation"). The Court has reviewed the Stipulation, and

IT IS HEREBY ORDERED as follows:

1. Documents produced pursuant to the Subpoena Duces Tecum to be served by Defendant upon Security State Bank, Sheldon, Iowa ("the Subpoena"), may be designated "Confidential" under the terms of this Order by Plaintiffs Dixon Granstra d/b/a Granstra Cattle and DG Farms, Inc. ("the Granstra Plaintiffs") by furnishing a separate written notice to the Defendant; by stamping the documents as "Confidential;" or by oral notice during a deposition. Stamping such a legend on the cover or first page of any multi-page document shall so designate all pages of such document unless otherwise indicated by the Granstra Plaintiffs.

2. If counsel for the Defendant objects to a "Confidential" designation, that counsel shall so advise counsel for the Granstra Plaintiffs. If the parties cannot reach agreement regarding the designation, all the items shall be treated as "Confidential" pending a resolution of the parties' dispute, and it shall be the obligation of the Defendant to submit to this Court the question of whether the designation is proper. No motion should be filed regarding the issue of

1

whether a designation is proper unless the parties have been unable to agree on the proper designation after conferring on that issue.

3. If Defendant uses or inquires at any deposition concerning documents, material, or information designated as "Confidential," the Granstra Plaintiffs may designate the portion of the deposition transcript which relates to such documents, material, or information as "Confidential" and subject to the confidentiality provisions hereof. Any such designation shall be made no later than thirty (30) days after receipt of the deposition transcript.

4. Documents or material (including portions of deposition transcripts) designated as "Confidential" or information derived therefrom may only be disclosed or made available by the Defendant to the following:

    a. The Court (at any trial or oral hearing and in the manner provided by Paragraph 7 hereof);

    b. The named parties in this action, which in the case of corporate parties shall be limited to those officers, directors, and employees of such corporate parties as are deemed necessary to aid counsel in the prosecution and defense of this action;

    c. Counsel to the named parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

    d. Court reporters;

    e. Witnesses at any deposition or trial in this action; and

    f. Experts and/or consultants consulted by the named parties or their counsel in connection with this action. (Subject to Paragraph 8 of this Order concerning non-lawyers)

5. Documents and materials designated as "Confidential," or information derived therefrom, shall be used by the person receiving them only for the purposes of preparing for and conducting this lawsuit.

6. Nothing in this Order shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained lawfully by such party or witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained through discovery proceedings in this action.

7. If documents and material (including portions of deposition transcripts) designated as "Confidential," or information derived therefrom, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal and kept under seal until further order of the court. Under no circumstances will such documents be filed with the court using the court's electronic case filing system ("ECF"). ECF submission will simply notify the parties and the court that confidential documents will be filed under separate cover and sealed.

8. Each non-lawyer given access to the documents, material, or information designated as "Confidential" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof. Each such non-lawyer will sign the acknowledgment attached hereto as Exhibit "A".

9. Entering into, agreeing to, and/or complying with the terms of this Order shall not (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable trade secrets or proprietary or commercial information or (b) prejudice in any way the right of a party at any time to (i) seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order or (ii) seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information.

10. Upon termination of this action, including all appeals, the Defendants shall return to counsel for the Granstra Plaintiffs all documents or material designated as "Confidential" and all copies thereof (except that counsel for each party may maintain in its files pleadings, briefs,

3

other documents filed with the Court, deposition transcripts, and exhibits, provided that all such documents otherwise remain subject to the terms of this Order).

11. Nothing in this Order shall be construed to prohibit Defendants from producing documents, material, or information designated as "Confidential" pursuant to a subpoena or other legal process, provided that Defendants shall give notice of such subpoena to the Granstra Plaintiffs as soon as possible and, in any event, within five (5) days after receiving such subpoena. The Defendants shall not produce any of the "Confidential" documents, material, or information for a period of at least five (5) days after providing the required notice to the Granstra Plaintiffs. If, within five (5) days of receiving such notice, the Granstra Plaintiff oppose production of its "Confidential" documents, material, or information pursuant to the subpoena, the Defendant shall reasonably cooperate with the Granstra Plaintiffs in seeking to quash such subpoena and shall not thereafter produce such documents, material, or information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena.

12. Nothing in this Order shall be construed as waiving the Granstra Plaintiffs' objections to Paragraph 1 of the Subpoena, including without limitation, their objection on confidentiality grounds.

IT IS SO ORDERED this 26th day of July, 2005.

United States Magistrate Judge

4

## Exhibit A

I _____ hereby acknowledge that I have or will receive documents designated as confidential pursuant to a court order. I hereby agree to abide by the terms of that order.

_____          _____
Date                                                                    Signature

5