```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

DAVE DAHLGREN, DAHLGREN'S,      )
INC., THEODORE COLLIN, LLOYD    )
ERICKSON, ERICKSON LAND AND     )
CATTLE, DIXON GRANSTRA, d/b/a   )
GRANSTRA CATTLE, DG FARMS,      )
INC., SKANE, INC., CLARK        )
NELSON, WELLS AG ENTERPRISES,   )
INC., DON SJOGREN, BJW FARMS,   )
INC., EWW FARMS, INC., and      )
DUANE KUDLACEK,                 )          8:05CV15
                                )
               Plaintiffs,      )
                                )
     v.                         )    MEMORANDUM AND ORDER
                                )
FIRST NATIONAL BANK OF          )
HOLDREGE,                       )
                                )
               Defendant.       )
```

Pending before me is the plaintiffs' motion for protective order.  See Filing 71.  The matter in dispute has been narrowed (See Filing 79) to the documents sought by paragraph 1 of the defendant's amended notice of  subpoena for production of documents.  Filing 68.  Counsel have rightly compromised on all the other requests originally disputed, and a stipulated protective order has been entered.  Filings 79, 84.  Paragraph 1 of the current request seeks production of:

> All loan files and other documents which relate to Security State Bank's lending relationship and/or other business dealings with DG Farms, Inc. and Dixon Granstra d/b/a Granstra Cattle (collectively "Granstra") from January 1, 1994, through December 31, 2001, including without limitation all loan analyses, loan committee minutes, internal memoranda, correspondence, notes and cattle inspection information contained in Security State Bank's active and closed files relating to Granstra.

Plaintiffs object to the production of these documents, arguing that the records are "irrelevant, immaterial to any of the issues in this lawsuit, and "not reasonably calculated to lead to the discovery of admissible evidence," that the records are confidential and not necessary for defendants to assert their defenses, over breadth, and that production of the documents would be unduly burdensome.  See, Filing 73, Plaintiffs' Brief, at 3, 9.

Defendant has responded that the plaintiffs themselves have previously sought the same documents and received them; the documents are relevant and discoverable; that plaintiffs lack standing to assert burden; and that the records are bank records, not personal, confidential records of the plaintiffs; and that the plaintiffs have failed to demonstrate the facts of their arguments by evidence.

I am satisfied that the defendant has established relevance of the documents sought for purposes of discovery under Fed. R. Civ. P. 26(b)(1).  Defendant states that the documents may reveal important facts relevant to the issues of reliance, lack of due diligence by the Granstra plaintiffs, and the plaintiffs' damages claims.  Plaintiffs do not refute defendant's assertions.

Plaintiffs have also failed to demonstrate that the production of these documents would be overly burdensome; such an objection must be supported by evidence, and there is none here. Likewise the affidavit of Dixon Granstra is insufficient to establish a privilege or confidentiality to protect the bank's records from discovery.[1]  The plaintiffs' argument regarding over

---

[1] It must be noted that the bank has not appeared in this matter.  Thus, any objections the bank may have to the subpoena are not addressed.

breadth is closer to the mark; it distinguishes business from personal record.  The subpoena, however, is limited to "business dealings."  If that limitation is not absolutely clear from the wording of the request, I shall make it explicit in this order.  In sum, the plaintiffs have failed to demonstrate good cause for a protective order under Rule 26(c); however, in an abundance of caution, I shall direct that the production occur in accordance with the protective order the parties have previously adopted regarding similar documents.

     IT THEREFORE HEREBY IS ORDERED,

     1.  The plaintiffs' objection to the amended notice of subpoena, filing 69, construed as a motion for protective order, is denied, except that the records produced shall include only those pertaining to "business dealings" between the bank and the Granstra plaintiffs.  Further, the production of the requested documents shall be subject to the protective order previously entered, filing 84.

     2.  The plaintiffs' objection to the notice of subpoena, filing 56, is denied as moot.

     DATED this 12th day of August, 2005.

                          BY THE COURT:

                          s/ *David L. Piester*
                          David L. Piester
                          United States Magistrate Judge