```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| DAVE DAHLGREN, DAHLGREN'S, THEODORE COLLIN, LLOYD ERICKSON, ERICKSON LAND AND CATTLE, DIXON GRANSTRA, DG FARMS, SKANE, CLARK NELSON, WELLS AG ENTERPRISES, DON SJOGREN, BJW FARMS, EWW FARMS, and DUANE KUDLACEK, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV15 |
| v. | ) ) | |
| FIRST NATIONAL BANK OF HOLDREGE, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

Pending before me a Motion to Quash a subpoena to depose Gary Mueller, a former employee of the defendant who is currently under indictment in this court. See filing 112. Mueller faces a federal grand jury indictment alleging he violated 18 U.S.C. §§ 1005 and 2 by making materially false entries in the books, reports, and statements of the First National Bank of Holdrege, Nebraska ("FNBH"), and violated 18 U.S.C. § 1014 by making false statements to FNBH's discount committee. These alleged acts were committed during the course of Mueller's employment for FNBH.

In this civil action, Mueller claims the subpoena to secure his deposition must be quashed because he intends to invoke his Fifth Amendment right against self-incrimination and any attempt to depose him in this case "would be pointless." Filing 112 at ¶ 4. The plaintiffs argue: 1) to the extent Mueller answers questions, his deposition testimony may be needed and used at trial and, 2) as to those questions which Mueller refused to answer, an adverse inference may be drawn when the privilege is

claimed by a deponent in a civil case, and the plaintiffs are therefore entitled to a deposition which records the plaintiffs' questions and Mueller's responsive invocation of his right to remain silent.  See Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 521 (8thj Cir. 1984).

   The Fifth Amendment privilege against self-incrimination extends not only to answers that would in themselves support a conviction but likewise embraces those which an individual reasonably believes could be used against him in a criminal prosecution.  Maness v. Meyers, 419 U.S. 449 (1975); Iverson v. State of North Dakota, 480 F.2d 414 (8th Cir. 1973).  Fifth Amendment protection encompasses compelled statements that lead to the discovery of incriminating evidence even though the statements themselves are not incriminating and are not introduced into evidence.  Compelled testimony that communicates information that may "lead to incriminating evidence" is privileged even if the information itself is not inculpatory. United States v. Hubbell, 530 U.S. 27, 37-8 (2000).  Courts are under a mandate to accord "liberal construction" to the Fifth Amendment in "favor of the right it was intended to secure"-- the right against self-incrimination.  Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 520-21 (8th Cir. 1984).

   The Fifth Amendment's protection against self-incrimination applies in any type of proceeding whether civil, criminal, administrative, investigatory, or adjudicatory.  Hill v. Johnson, 160 F.3d 469, 471 (8th Cir. 1998)(citing Lefkowitz v. Turley, 414 U.S. 70, 77 (1973).  The privilege protects a mere witness as fully as it does a party defendant.  The object of the Fifth Amendment is to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony

which might tend to show that he or she had committed a crime. <u>Lefkowitz</u>, 414 U.S. 70, 77 (1973).  The privilege is not waived even though the witness testifies on incriminatory matters but refuses to provide further or detailed information.  A witness may 'pick the point beyond which [he] will not go,' and refuse to answer any questions about a matter already discussed, even if the facts already revealed are incriminating.  <u>In re Master Key Litigation</u>, 507 F.2d 292, 293 (9th Cir. 1974).

     However, "[t]here is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings.  The privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim."  <u>Capitol Products Corp. v. Hernon</u>, 457 F.2d 541, 542 -543 (8th Cir. 1972)(citing <u>Heligman v. United States</u>, 407 F.2d 448, 450, 451 (8th Cir. 1969), and <u>Daly v. United States</u>, 393 F.2d 873 (8th Cir. 1968)).  Once the Fifth Amendment privilege is raised, a court must determine whether the witness is entitled to assert the privilege and refuse to respond to questioning.  Initially, the court must determine whether answers to the questions might tend to reveal or lead to the discovery of information supporting a claim that the witness has engaged in criminal activities.  If the answers could not be incriminatory, the witness must answer.  If answering the questions might incriminate the witness, the court must next determine whether there is a risk, even a remote risk, that the witness will be prosecuted for the criminal activities that his or her testimony might touch on.  <u>In re Corrugated Container Anti-Trust Litigation</u>, 620 F.2d 1086, 1091-92 (5th Cir. 1980); <u>In re Gi Yeong Nam</u>, 245 B.R. 216, 225 (E. D. Pa. 2000).  "[I]t need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the

3

question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Capitol Products Corp., 457 F.2d at 543.

The court cannot assume, in the abstract, that as to every question the plaintiffs may ask, Mueller's response may reveal incriminating information, or that there exists a real risk of prosecution related to that information.  Accordingly, Mueller's motion to quash must be denied.  As previously explained, once the deposition occurs, if Mueller invokes his right to remain silent as to any specific questions, those questions may be directed to the court for a ruling as to whether Mueller was entitled to invoke his Fifth Amendment rights.

IT THEREFORE HEREBY IS ORDERED:  The motion to quash filed by Gary Mueller, filing 112, is denied.

DATED this 26th day of October, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge