IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE DAHLGREN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:05 CV 15 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| FIRST NATIONAL BANK OF HOLDREGE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

    Plaintiffs have moved for leave to file an amended complaint. Defendant opposes the motion because is it untimely and also because the amendment requested would cause prejudice to the defendant.

    Fed. R. Civ. P. 15 allows a liberal policy of amendment of pleadings. However, the provisions of Rule 16 also allow the court to enforce its scheduling orders. The motion is quite untimely, as the deadline for filing such motions was 90 days following the entry of the initial progression order on February 14, 2006. Filing 13. Plaintiffs did file a motion to amend within that time, Filing 31, which was granted, and the Amended Complaint was filed on May 13, 2005. Filing 35. "Fact" discovery is to end March 6, 2006 and "expert" discovery will then commence. The trial is scheduled to commence November 20, 2006. Filing 111.

    The present motion advises that the reason for the requested amendment is "to conform the factual allegations to the discovery conducted in this matter." Filing 144. Defendants argue, however, that permitting the amendment would prejudice them because the deposition testimony of Dixon Granstra differs from the allegations in the Amended Complaint, and defendant intends, or at least wants to reserve the right, to use the former pleadings as judicial admissions.

    The Eighth Circuit Court of Appeals, however, has held that superseded pleadings may be used as evidentiary admissions. First Bank of Marietta v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998). While the

admission and manner of admission of evidence during the trial is within the discretion of the trial judge, I do not see that the defendant is necessarily precluded from offering plaintiffs' former pleadings.

In addition, while I do not condone the tardiness of the motion, there remains sufficient time between now and trial to address any evidentiary prejudice that might otherwise befall the defendant from allowing the amendment.  As much as I loathe any failures to strictly comply with the provisions of my progression orders, the greater consideration in this case is fairness and ensuring that the dispute be resolved as much as possible on the merits, rather than on procedure and form.  I shall therefore grant the motion, but enable defendant to later apply for reimbursement of expenses caused by the lateness of the motion.

        IT THEREFORE HEREBY IS ORDERED:

        1.  The motion for leave to amend, filing 144, is granted, and the Second Amended Complaint shall be filed forthwith.

        2.  Defendant is given leave to take the discovery it deems necessary in order to meet the allegations in the Second Amended Complaint.  In the event defendant is caused to incur extra or duplicative expenses as a result of the plaintiffs' lateness in the filing of the motion, defendant may, at any time prior to the final pretrial conference, file an application for reimbursement of such expenses, properly documented and supported.

        DATED February 16, 2006

                                BY THE COURT:

                                __s/ *David L. Piester*__
                                United States Magistrate Judge