IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE DAHLGREN, DAHLGREN'S, INC., THEODORE COLLIN, LLOYD ERICKSON, ERICKSON LAND AND CATTLE, DIXON GRANSTRA d/b/a GRANSTRA CATTLE, DG FARMS, INC., SKANE, INC., CLARK NELSON, WELLS AG ENTERPRISES, INC., DON SJOGREN, BJW FARMS, INC., EWW FARMS, INC., and DUANE KUDLACEK, | ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:05CV15 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| FIRST NATIONAL BANK OF HOLDREGE, | ) ) ) | |
| Defendant. | ) ) | |

After voluminous briefing, and a full day of oral argument, I now resolve various motions for summary judgment asserted against the plaintiffs by the defendant. I deny all of the motions. For the benefit of the lawyers, I note the following:

\* I very much appreciate the hard work that counsel put into briefing and arguing this matter. It was well worth the trouble, and your effort will help me immeasurably at trial. Thank you.

\* While I was strongly leaning toward dumping the claims of Mr. Collin, the following things convinced me that I should not do so:

\*  The Nebraska cases emphasize that whether a party's reliance on a misrepresentation was reasonable is a question of fact.  See, e.g., Outlook Windows Partnership v. York Intern., 112 F. Supp.2d 877, 894 (D. Neb. 2000) (citation omitted).

\* I carefully reread Streaks v. Diamond Hill Farms, Inc., 605 N.W.2d 110, 118 (Neb. 2000) ("In nondisclosure cases, the law does not attempt to define occasions when the duty to speak arises, but, instead, has adopted the proposition that whether a duty to speak exists is determined by all the circumstances of the case.").  As a result, I am not comfortable concluding at this stage of the proceedings that no "duty to speak" arose as to the fraudulent concealment claim.  As Streaks illustrates, the Nebraska courts have taken a broad view of "duty."  Even more importantly, there is no or very little law on when a "duty to speak" ends assuming that it may have arisen in the past.  Perhaps I will be more confident on this question once I see and hear the witnesses and digest all the other trial evidence.

\*  I remain uncertain as to the relationship between the state law tort claims and the RICO claims particularly as to whether a grant of summary judgment on the state law claims should necessarily result in the dismissal of the RICO claims.

\*   As a purely prudential matter, since a trial will be required for all the other plaintiffs, the relative weakness of Collin's claims are best resolved by a jury and, if needed, by post-judgment motion practice.

IT IS ORDERED that the motions for summary judgment (filings 184, 189, 191, 193, 195, 197, 199, 200 and 201) are denied.

July 5, 2006.                                    BY THE COURT:

                                                 s/ *Richard G. Kopf*
                                                 United States District Judge