IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE DAHLGREN, et al., | ) | 8:05CV15 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FIRST NATIONAL BANK OF HOLDREGE, | ) | |
| | ) | |
| Defendant. | ) | |

As ruled during today's pretrial conference,

IT IS ORDERED that:

1. Filing 255, a motion in limine filed by plaintiffs, is denied. If requested, however, the court will consider giving a limiting instruction that the evidence is not relevant to plaintiffs' RICO claim.

2. Filing 259, a motion in limine filed by defendant, is denied.

3. Filing 267, a motion in limine filed by plaintiffs, is granted.

4. Filing 269, a motion in limine filed by plaintiffs, is granted.

5. Filing 272, a motion in limine filed by plaintiffs, is granted.

6. Filing 278, a motion in limine filed by defendant, is denied.

7. Filing 281, a motion in limine filed by defendant, is granted.

8. Filing 285, a motion in limine filed by defendant, is granted with respect to pending indictments, ongoing criminal investigations, and past invocations of the Fifth

Amendment. The motion is also granted with respect to the payment of attorney fees except insofar as the attorney fees pertain to testimony provided by the witness in this case. In all other respects, the motion is denied. However, by Monday morning before trial, both sides shall file briefs regarding the propriety of giving an adverse inference instruction if defendant's former employee is called as a witness and invokes the Fifth Amendment at trial.

9. Filing 288, a motion in limine filed by defendant, is denied.

10. Filing 293, a motion in limine filed by defendant, is denied.

11. Filing 296, a motion in limine filed by defendant, is denied.

12. Filing 336, plaintiffs' objection to defendant's proposed verdict form is denied without prejudice.

13. Filing 344, defendant's objection to plaintiffs' proposed verdict form is denied without prejudice.

14. Filing 345, defendant's objection to plaintiffs' proposed jury instructions is denied without prejudice.

15. The parties shall meet and confer regarding jury instructions and the verdict form and, by Wednesday, December 6, 2006, shall file a simplified, agreed-upon verdict form.

16. Defendant shall have a continuing objection as to relevance and Rule 403 regarding Carter Feeders and John Morken/Spring Grove evidence.

November 17, 2006.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge