IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE DAHLGREN, et al., | ) | 8:05CV15 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FIRST NATIONAL BANK OF HOLDREGE, | ) ) | |
| | ) | |
| Defendant. | ) | |

As discussed at today's pretrial conference, and anticipating that Mr. Slominski will invoke his Fifth Amendment privilege as to the facts underlying the two indictments involving Slominski, Mueller and Swan,[1] and wishing to avoid undue prejudice by limiting the number of times Slominski invokes the Fifth Amendment in front of the jury,

IT IS ORDERED that Plaintiffs will be permitted to ask witness Slominski a total of three questions regarding the facts underlying the indictments with Mueller and Swan. Counsel shall not mention the indictments. If, as anticipated, Slominski invokes his Fifth Amendment privilege as to the three questions, the court will give an adverse inference instruction and a Rule 404(b) limiting instruction. Plaintiffs will provide Defendant and the court with written copies of the 3 questions. Each side shall prepare and submit an adverse inference instruction and a Rule 404(b) limiting instruction in the form they think is proper. Defendant may submit this instruction without prejudice to an objection as to the propriety of an adverse inference.

November 20, 2006.            BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge

---

[1] As I understand it, the plaintiffs concede that this evidence is relevant only as Rule 404(b) evidence.