IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE DAHLGREN, et al., | ) | 8:05CV15 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FIRST NATIONAL BANK OF | ) | |
| HOLDREGE, | ) | |
| | ) | |
| Defendant. | ) | |

On December 15, 2006, a jury returned a verdict in favor of Plaintiffs on their RICO Act and state-law claims in the total amount of $1,897,770.95. The matter is now before the court on Plaintiffs' motions for treble damages (filing 391) and attorney fees (filings 393, 396)[1] under the RICO Act, 18 U.S.C. § 1964(c).

### *Treble Damages*

Defendant objects to the entry of any judgment in favor of Plaintiffs, but does not dispute Plaintiffs' entitlement to treble damages under the RICO Act upon the entry of a judgment in favor of Plaintiffs. Nor does Defendant dispute the accuracy of Plaintiffs' calculations of treble damages, as attached to the motion.

Plaintiffs' motion for treble damages will be granted, and judgment will be entered in accordance with the discrete amounts calculated by Plaintiffs. The total amount of the RICO Act treble damages is $5,693,312.73.

---

[1] Plaintiffs filed an amended motion for attorney fees that increased the amount claimed as taxable costs. Costs are taxable by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, and thus will not be considered by me in conjunction with the attorney fee award issue. I note that Plaintiffs have also filed a bill of costs (filing 397) pursuant to NECivR 54.1 for consideration by the clerk.

### *Attorney Fees*

Both sides agree that it is appropriate in this case to use the "lodestar" method to determine reasonable attorney fees under the federal statute.  I concur.  See C.I.R. v. Banks, 543 U.S. 426, 438 (2005) (in the federal system statutory fees are typically awarded by the court under the lodestar approach and the plaintiff usually has little control over the amount awarded); Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002) (lodestar method today holds sway in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in the litigation).

The lodestar is equal to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.  Wheeler v. Missouri Highway & Transp. Com'n, 348 F.3d 744, 754 (8th Cir. 2003). Where the documentation of hours is inadequate, or the hours are excessive, redundant, or otherwise unnecessary, the district court may reduce the award accordingly.  See Hensley, 461 U.S. at 433-34. As a general rule, a reasonable hourly rate is the prevailing market rate, that is, "the ordinary rate for similar work in the community where the case has been litigated." Moysis v. DTG Datanet, 278 F.3d 819, 828 (8th Cir. 2002) (quoting Emery v. Hunt, 272 F.3d 1042, 1047 (8th Cir.2001)).  There is a strong presumption that the lodestar represents the reasonable fee, and a fee applicant who seeks more has the burden of showing that an adjustment is necessary.  See City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

In this case, Plaintiffs' lodestar calculation is $1,400,816.60.  This represents 7,705.20 billable hours of work at a blended rate of $181.80 per hour (rounded to the nearest cent), including the services of nine attorneys, five secretary/paralegals, and two student law clerks at the Knudsen Berkheimer law firm.  Plaintiffs do not seek any enhancement of this lodestar calculation.

Almost three-fourths of Plaintiffs' $1.4 million fee request pertains to work performed by their two trial attorneys, Rod Confer ($444,075.00)[2] and Jeanelle Lust ($593,450.00).[3]  The next largest portion of the fee is attributable to the work of a secretary/paralegal, Tammy Schroeder ($230,380.00).[4]  Defendant objects to the number of hours claimed for all three of these timekeepers, and to the hourly rates claimed for Mr. Confer and Ms. Lust.  Defendant has also filed a lodestar calculation, totaling $953,704.05, that differs from Plaintiffs' calculation in other minor ways. In general, I agree with Defendant's arguments and the authorities cited in its brief.

I first consider whether the hourly rates claimed are reasonable.  Plaintiffs' lodestar calculation uses a rate of $310.00 per hour for Mr. Confer and a rate of $275.00 per hour for Ms. Lust.  Plaintiffs have filed supporting affidavits from two Omaha attorneys, David Domina and Michael Degan, both of whom opine that the hourly rates claimed for Mr. Confer and Ms. Lust are fair and reasonable.  Defendant has filed an opposing affidavit from a Lincoln lawyer (and a former partner in the Knudsen Berkheimer law firm), Terry Dougherty, who opines that in this case a fair and reasonable rate for Mr. Confer to charge would be from $250.00 to $265.00 per hour, and for Ms. Lust would be from $200.00 to $225.00 per hour.  Mr. Dougherty also states that rates customarily charged by attorneys in Lincoln for complex civil litigation are between $200.00 and $265.00 per hour for partners, such as Mr. Confer and Ms. Lust, and between $135.00 and $165.00 per hour for associates.[5]

When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates.  Hanig v. Lee, 415 F.3d

---

[2] Calculated as 1,432.5 hrs. x $310.00/hr. = $444,075.00.

[3] Calculated as 2,158.0 hrs. x $275.00/hr. = $593,450.00.

[4] Calculated as 2,303.8 hrs. x $100.00/hr. = $230,380.00

[5] Mr. Confer's and Ms. Lust's customary charges are not in evidence.  Their law firm has 40% contingency fee contracts with Plaintiffs in this case.

3

822, 825 (8th Cir. 2005).  Hourly rates allowed in comparable cases may also be considered.  See Moysis v. DTG Datanet, 278 F.3d 819, 828 (8th Cir. 2002).

To my knowledge, the hourly rates sought by Plaintiffs are excessive when compared to prevailing rates in Lincoln, or in Omaha, or in greater Nebraska.  This is generally borne out by a survey of Westlaw-reported decisions from this court over the past several years involving attorney fee awards.  See Local 22 Intern. Broth. of Elec. Workers v. Sadler Elec., Inc., No. 8:05CV523, 2006 WL 3511324, *4 (D. Neb. Dec. 5, 2006) (Smith Camp, J.) (in ERISA case, blended hourly rate of $180 was reasonable for a litigation team of two attorneys in a Kansas City law firm where one had 23 years experience in labor and employment law and the other was a first-year associate); Comcast of Illinois X v. Multi-Vision Electronics, Inc., No. 8:03CV311, 2006 WL 2805259, *2 (D. Neb. Sept. 28, 2006) (Bataillon, J.) (in Cable Communications Act case, hourly attorney fees of $125, $175, and $250 were reasonable); Wilson v. Life Ins. Co. of North America, No. 4:05CV3133, 2006 WL 1700281, *1 (D. Neb. June 15 ,2006) (Kopf, J.) (in ERISA case, hourly rates of $175 for a law firm partner and $125 for an associate were reasonable and, according to affidavits filed by two knowledgeable Lincoln attorneys, conformed to the average rates charged in Lincoln); Ollis v. Hearthstone Homes, Inc., No. 8:05CV119, 2006 WL 1700077, *8 (D. Neb. June 12, 2006) (Smith Camp, J.) (in employment discrimination case, hourly rates customarily charged for litigation by Omaha law firm, of $200 for attorney with 39 years' experience and $175 for less experienced attorney, were reasonable); New Hope Fellowship, Inc. v. City of Omaha, No. 8:04CV259, 2006 WL 1479030, *3-4  (D. Neb. May 17, 2006) (Dawson, J.) (in Fair Housing Act case, hourly rates claimed by a leading Omaha law firm were reduced from $150 to $125 for an associate with less than 3 years' experience, from $160 to $125 for an associate with 4 years' experience, from $280 to $250 for a partner and former Nebraska Supreme Court Justice, from $265 to $250 for another partner who had practiced employment discrimination law for 16 years, and from $100 to $50 for paralegal services; however, a $300 hourly rate for a partner with specialized experience in litigating FHA cases across the United States was reasonable,

4

considering efficient handling of this case); <u>Diehm v. City of Omaha</u>, No. 8:04CV130, 2006 WL 753192, *2 (D. Neb. March 22, 2006) (Bataillon, J.) (in First Amendment employment discrimination case, hourly rate of $175 for partner in Omaha law firm with 16 years' experience in labor and employment law was a reasonable and customary charge for his services); <u>Rockwell v. Talbott, Adams & Moore, Inc.</u>, No. 8:04CV24,  2006 WL 436041, *1 (D. Neb. Feb. 21, 2006) (in Fair Debt Collection Practices Act case, hourly rates between $115 and $145 charged by attorney with 5 years' experience were reasonable); <u>Shiller v. Sarpy County</u>, No. 8:03CV365, 2005 WL 3032516, *3-4  (D. Neb. Nov. 11, 2005) (Smith Camp, J.) (in employment discrimination case, hourly rate of $175 charged by law firm partner with 8 years' experience in labor and employment law was reasonable); <u>Reed v. Shenandoah Memorial Hosp.</u>, No. 8:01CV435,  2002 WL 1964826, *4 (D. Neb. Aug. 12, 2002) (Bataillon, J.) (in ERISA case, hourly rates of $50 for law clerks and paralegals and $105 to $160 for attorneys charged by Omaha law firm were reasonable); <u>ACLU Nebraska Foundation v. City of Plattsmouth</u>, 199 F. Supp. 2d 964, 968 (D. Neb. 2002) (Kopf, J.) (in First Amendment case, hourly rates of $120 and $125 for two attorneys, and $50 for a paralegal, were reasonable); <u>U & I Sanitation v. City of Columbus</u>, 112 F. Supp. 2d 902, 904-05 (D. Neb.2000) (in non-jury constitutional (commerce clause) case, reasonable hourly rate for experienced lead counsel was $125, not the requested rate of $150); <u>Ross v. Douglas County</u>, No. 8:98CV530, 2000 WL 33678952, *3 (D.Neb. June 5, 2000) (Shanahan, J.) (in public employment discrimination case, hourly rate of $175 for plaintiff's counsel was consistent with the prevailing rates for attorneys in civil rights cases in Omaha); <u>Milone v. Exclusive Healthcare, Inc.</u>, No. 8:98CV274, 2000 WL 351741, *3 (D. Neb. March 9, 2000) (Bataillon, J.) (in ERISA case, attorney's billed rate of $95 per hour was reasonable for Omaha).

Defendant proposes that the lodestar be calculated using an hourly rate of $265.00 for Mr. Confer and an hourly rate of $225.00 for Ms. Lust.  Because I find that rates set any higher than these figures would not be reasonable, I will adopt Defendant's proposal without further analysis or comment.

I next examine a redundancy in the number of billable hours that were devoted to depositions by Mr. Confer and Ms. Lust.  It appears that both attorneys attended all depositions that were taken in this case.  Defendant calculates that Mr. Confer spent 447.15 hours preparing for, traveling to and from, and attending depositions, and that Ms. Lust devoted 487.8 hours to these very same tasks.  Defendant proposes a 25% reduction in the number of deposition-related hours for each attorney, which would eliminate some, but not all, of the redundant billing.  I find this to be a very reasonable proposal, and will adopt it.

I also find merit in Defendant's objection that Plaintiffs' lodestar calculation includes billable hours that were related only to state-law claims, for which attorney fees are not recoverable.  Defendant proposes that Plaintiffs be ordered to segregate these billable hours or else suffer a 20% reduction in the number of billable hours claimed for Mr. Confer, Ms. Lust, and Ms. Schroeder.  Plaintiffs, while protesting that the state-law claims were "inextricably intertwined" with the RICO Act claim, have now calculated that $76,128.00 of the attorney fee sought is "state law related" (filing 405).  Because I conclude that some adjustment is appropriate, I will use Plaintiff's dollar figure (which represents about 5% of the total fee requested).

Finally, I note that Defendant's lodestar calculation differs from Plaintiffs' calculation in certain other respects, but, because Defendant has not discussed these differences in its brief, I will not attempt to rationalize them on my own.  In any event, the total dollar amount involved (about $10,000.00) is comparatively small.

In summary, I will accept Plaintiff's lodestar calculation with the following modifications:  (1) Mr. Confer's total billable hours will be reduced to 1,320.71, [6] and his hourly rate will be reduced to $265.00.  As a result, his fee will be reduced from $444,075.00 to $349,998.15, a difference of $94,086.85.  (2) Ms. Lust's total billable

---

[6] Calculated as $1,432.5 - (447.15 \times .25) = 1,320.71$.

hours will be reduced to 2,036.05,[7] and her hourly rate will be reduced to $225.00. As a result, her fee will be reduced from $593,450.00 to $458,111.25, a difference of $135,338.75.  (3)  The total fee will be reduced by $76,128.00 to account for time spent on state-law claims.  With these three reductions, which total $305,553.60, the lodestar figure becomes $1,095,263.00.[8]  I will award this amount.

Accordingly,

IT IS ORDERED that:

1.    Plaintiffs' motion for treble damages (filing 391) is granted with respect to the RICO Act claim.

2.    Plaintiffs' motion and amended motion for attorney fees and costs (filings 393, 396) are granted in part and denied in part, as follows:
   a.    Plaintiffs are awarded attorney fees of $1,095,263.00 related to the RICO Act claim.
   b.    In all other respects the motion is denied, but without prejudice to the clerk ruling on Plaintiffs' bill of costs (filing 397).

3.    Final judgment shall be entered by separate document.

February 1, 2007.                        BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge

---

[7] Calculated as 2,158.0 - (487.8 x .25) = 2,036.05.

[8] Calculated as $1,400,816.60 - $305,553.60 = $1,095,263.00.